UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00538-MR

| CHARLES B. RANDOLPH, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| GARY L. MCFADDEN, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, [Doc. 1], and on Petitioner's Motions to Proceed in Forma Pauperis, [Docs. 3, 4].

**I.    BACKGROUND**

On October 12, 2021, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. [Doc. 1]. Petitioner alleges that he is currently being held as a pretrial detainee at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. [Id. at 1]. Petitioner challenges the legality of his detention based on an allegedly "illegal seizure" and "illegal search" and a failure to give Petitioner a Miranda warning, all occurring on March 30, 2018. [Id. at 6]. Petitioner claims his rights under the Fourth, Fifth,

and Fourteenth Amendment were violated. [Id.]. Petitioner alleges that he filed grievances and "requests for remedy to the Mecklenburg County Superior Courts" … "to no avail." [Id. at 2, 7]. Petitioner, however, does not allege what form his "requests for remedy" took or that he appealed any decision or action at issue. For relief, Petitioner asks the Court "for an expedited and just remedy from this illegal and unconstitutional seizure and incarceration." [Id. at 7].

The Court will first address Petitioner's motions to proceed in forma pauperis.

## II. IN FORMA PAUPERIS MOTION

With his § 2241 petition, Petitioner filed a handwritten request "for permission to continue the process of filing the documents" to proceed in forma pauperis, which was docketed as a motion to proceed in forma pauperis.[1] [Doc. 2]. The Clerk ordered Petitioner to either file the proper application and affidavit to proceed without prepayment of fees, which were enclosed with the Clerk's Order, or pay the $5.00 filing. [Doc. 3]. Petitioner timely filed the affidavit. [Doc. 4]. Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 4 at 1-2].

---

[1] The Court will deny this motion as moot.

Petitioner reports having no monthly expenses. [Id. at 4-5]. Petitioner reports having no assets, no cash, and no money in any bank account. [Id. at 2-3]. Petitioner states that he cannot pay the cost of these proceedings because he was "illegally seized" and has been incarcerated for the last three and a half years. [Id. at 5]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive

3

Case 3:21-cv-00538-MR   Document 5   Filed 11/02/21   Page 3 of 7

federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Under § 2241, federal habeas corpus relief is available for persons in custody regardless of the status of the case pending against them or whether final judgment has been rendered against them. United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).

Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Petitioner has not fully exhausted state remedies. Petitioner does not allege that he has appealed any of the issues about which he now complains. See Richardson v. Thompson, No. 4:15-2638-RBH-TER, 2015 WL 7422709, at *2 (D.S.C. Sept. 30, 2015) ("As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody, unless that person has first exhausted all available state court remedies.") (citations omitted).

As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

Moreover, while federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the Younger abstention doctrine, abstention is proper in federal court when (1)

there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, the Younger elements are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court would, therefore, abstain from addressing Petitioner's claims while state court criminal charges are pending against him in any event.

The Court will, therefore, deny and dismiss Petitioner's § 2241 petition without prejudice.

## V. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 4] is **GRANTED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 2] is **DENIED** as moot.

The Clerk is directed to terminate this action.

Signed: November 2, 2021

*[signature]*

Martin Reidinger
Chief United States District Judge